## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jose R. Diaz, ) | C/A No.: 4:15-cv-1316 DCN TER |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Andy Strickland; Jodie Taylor; David S. ) | |
| Matthews; and Colleton County Sheriff's ) | |
| Office, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The above referenced case is before this court upon the magistrate judge's recommendation that the complaint be partially summarily dismissed with prejudice insofar as it seeks to impose any liability for relief against defendants David S. Matthews or Colleton County Sheriff's Office. It was further recommended that the complaint be partially dismissed with prejudice insofar as it seeks relief in the form of impeachment of defendant Andy Strickland or dismissal of the criminal charges now pending against plaintiff. It was further recommended that the complaint be served on defendants Jodie Taylor and Andy Strickland, and that they be directed to respond only to plaintiff's allegations of unconstitutional conditions of confinement at the Colleton County Detention Center.

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magis-

trate judge.  Thomas v Arn, 474 U.S. 140 (1985).  Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level.  United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984 ).[1]  **No objections have been filed to the magistrate judge's report and recommendation.**

A de novo review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law.  Accordingly, the magistrate judge's report and recommendation is **AFFIRMED**, and the complaint is partially summarily **DISMISSED** with prejudice insofar as it seeks to impose any liability for relief against defendants Matthews or Colleton County Sheriff's Office.

**IT IS FURTHER ORDERED** that the complaint be partially **DISMISSED** with prejudice insofar as it seeks relief in the form of impeachment of defendant Strickland or dismissal of the criminal charges now pending against plaintiff.

**IT IS FURTHER ORDERED** that the complaint be served on defendants Strickland and Taylor.  They are directed to respond only to plaintiff's allegations of unconstitutional conditions of confinement at the Colleton County Detention Center.

**AND IT IS SO ORDERED**.

July 16, 2015
Charleston, South Carolina

David C. Norton
United States District Judge

---

[1] In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal.  The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'"  Id. at 846.  Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.